UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Gary Ruth <br> 301 Gower Road <br> Nazareth, PA 18064 | : <br> : <br> : <br> : <br> : | CIVIL ACTION <br> NO. |
| vs. | : <br> : | |
| Lincoln National Life Insurance Company <br> 8801 Indian Hills Drive <br> Omaha, NE 68114-4066 | : <br> : <br> : <br> : | |
| and | : <br> : | |
| The Lincoln Financial Group <br> 8801 Indian Hills Drive <br> Omaha, NE 68114-4066 | : <br> : <br> : <br> : | |
| and | : <br> : | |
| Markovitz Enterprises, Inc. <br> 1400 Butler Avenue <br> New Castle, PA 16107 | : <br> : <br> : | |

COMPLAINT
Jury Trial Demanded

### Identification of Parties

1. Plaintiff, **Gary Ruth**, is an individual who is domiciled at 301 Gower Road, Nazareth, PA 18064.

2. Defendant, **The Lincoln National Life Insurance Company** is a business entity licensed to transact insurance business within the Commonwealth of Pennsylvania, which maintains offices at 8801 Indian Hills Drive, Omaha, NE 68114-4006.

3. Defendant, **Lincoln Financial Group** is a business entity licensed to transact insurance business within the Commonwealth of Pennsylvania, which maintains offices at 8801

Indian Hills Drive, Omaha, NE 68114-4006.

4. Defendant, **Markovitz Enterprises, Inc.** is a business entity licensed to transact business within the Commonwealth of Pennsylvania, which maintains offices at 1400 Butler Avenue, New Castle, PA 16107. **The Lincoln National Life Insurance Company, Lincoln Financial Group and Markovitz Enterprises, Inc.** regularly conduct business within the Commonwealth of Pennsylvania and the Eastern District of Pennsylvania.

### Jurisdiction

5. This Court has subject matter jurisdiction of the cause of action stated herein pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. Section 1132(e)(1) and 28 U.S.C. Section 1331.

6. Venue is proper in this district in that **The Lincoln National Life Insurance Company, Lincoln Financial Group** and **Markovitz Enterprises** are subject to personal jurisdiction in this district because of their regular business activities.

7. The agents, officers, administrators and employees of **The Lincoln National Life Insurance Company, Lincoln Financial Group and Markovitz Enterprises, Inc.**, acting within the course and scope of their office, administration, employment and/or agency, committed the acts and omissions of defendants, set forth herein.

### Facts

8. Plaintiff has been employed by **Markovitz Enterprises, Inc.** since January 1999, with more than ten (10) years of continuous service until March 15, 2009, when Plaintiff became unable to perform his position due to ill health and injuries.

9. At all times relevant and material hereto, Plaintiff was eligible for and covered by a Benefit Plan (hereinafter referred to as "the Plan") issued by **Markovitz Enterprises, Inc** which included a long term disability insurance benefit insured by **The Lincoln National Life Insurance Company and/or Lincoln Financial Group.** A copy of the Plan is attached hereto as Exhibit A.

10. The Plan, administered by **Markovitz Industries, Inc.** and insured by **The Lincoln National Life Insurance Company and/or Lincoln Financial Group,** is an ERISA qualified plan.

11. The Plan provided a long term disability benefit for loss of earnings (disability) that were a direct result of sickness or accidental injury after receiving appropriate care and treatment from a doctor legally licensed to practice medicine on a continuing basis, and after a specified period of time (elimination period of six months) claimant is unable to perform all of the material and substantial duties of his occupation and/or after a specified period of time (24 months) all of the material and substantial duties of his own or any other gainful occupation which his training, education, experience or physical or mental capacity will reasonably allow.

12. Plaintiff, due to his employment and eligibility status with **Markovitz Industries, Inc.,** is a member of the Plan and met all of the preconditions cited in the Plan to qualify for long term disability benefits.

13. **Markovitz Industries, Inc.,** the Plan administrator, is liable for benefits under the Plan including long term disability benefits to Plaintiff.

14. **The Lincoln National Life Insurance Company and/or Lincoln Financial Group,** the insurer(s) of benefits under the Plan, is liable for benefits under the Plan including long term disability benefits to Plaintiff.

15. On or about March 16, 2009, Plaintiff, **Gary Ruth,** became totally disabled from his occupation within the meaning of the terms of the Plan.

16. Plaintiff commenced his claim for disability benefits in accordance with the terms and conditions of the Plan and was initially approved by Defendants for long term disability benefits.

17. Thereafter, in accordance with the terms and conditions of the Plan, Plaintiff provided the Defendants with supporting documentation for his claim.

18. Thereafter, Plaintiff provided medical documentation to Defendants demonstrating that Plaintiff is receiving appropriate care on a continuing basis and is unable to perform all of the material and substantial duties of his occupation and/or after a specified period of time (24 months) all of the material and substantial duties of his own or any other gainful occupation which his training, education, experience or physical or mental capacity will reasonably allow.

19. By a letter dated February 15, 2011, Lincoln Financial Group denied Plaintiff's claim for disability benefits asserting, among other items, that based upon a file review by an "independent physician consultant" later determined to be Gary Greenhood., M.D., Plaintiff is not disabled in the meaning of the Plan. No physical examination of the Plaintiff was performed by Dr. Gary Greenhood.

20. Plaintiff has complied with all of the prerequisites for disability benefits as outlined in the Plan, including providing signed authorizations for release of medical and financial information and other items reasonably requested to support disability. Such other items included, but were not limited to, (1) proof of continuing disability, (2) proof of application or non-eligibility for other income benefits, and (3) proof of application and acceptance for Social Security disability benefits. Once again Plaintiff complied with the terms and conditions of the Plan, and is in fact, presently receiving Social Security disability benefits.

21. Plaintiff has complied with all prerequisites for disability benefits and has exhausted his administrative remedies under the Plan with no further right to appeal.

22. The Plan issued by Defendants constitutes an employee benefit plan pursuant to the Employee Retirement Income and Security Act, 29 U.S.C. Section 1001, et seq.

23. **Markovitz Industries, Inc** was the administrator and fiduciary of the Plan. The **Lincoln National Life Insurance Company and/or Lincoln Financial Group** was/were the insurer(s) of the Plan. Both defendants are obligated to pay benefits due to Plaintiff and comply with the terms of the Plan.

24. Defendants, through negligence, violation of their contractual, statutory and fiduciary duties, and other wrongful conduct have failed and refuse to pay benefits due to Plaintiff or to comply with the terms of the Plan.

25. Defendants' actions were contrary to the terms of the Plan and were unconscionable, arbitrary and capricious.

26. Plaintiff is entitled to recover the full amount of unpaid disability benefits under the Plan, past and future, together with interests and costs, pursuant to Section 502(a)(1)(B) of ERISA, 29 U.S.C. Section 1132(a)(1)(B).

27. In the alternative, Plaintiff is entitled to injunctive relief to force Defendants to comply with the terms of the Plan.

28. Because of Defendants' conflict of interest and self-interested decision process, their disability decision is not entitled to any deference by this Court, and the issue should be decided *de novo* on the basis of all available evidence and not limited to the administrative file.

29. By reason of Defendants' failure to pay disability benefits due and owing to

Plaintiff under the terms of the Plan or to comply with the Plan's procedures, Plaintiff has been forced to retain attorneys to recover such benefits, for which Plaintiff will incur attorney's fees.

30. Plaintiff is entitled to recover reasonable attorney's fees and the costs of this action, pursuant to Section 502(g)(1) of ERISA, 29 U.S.C. Section 1132(g)(1).

**WHEREFORE,** Plaintiff, **GARY RUTH,** requests this Court to enter judgment in his favor and against Defendants, **MARKOVITZ INDUSTRIES, INC, THE LINCOLN NATIONAL LIFE INSURANCE COMPANY** and **LINCOLN FINANCIAL GROUP,** requiring Defendants to provide past and future benefits due Plaintiff under the Plan, and pay Plaintiff compensatory damages and delay damages together with interests and Plaintiff's reasonable attorney's fees, costs and such other relief as the Court deems just.

**Law Offices of Gregg R. Durlofsky, P.C.**

By: _____
Gregg R. Durlofsky, Esquire